IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,       )
                          )
       v.             )  1:11cr00281
                          )
LUIS GARDONO PEREZ,        )
                          )
    Defendant.        )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Luis Gardono Perez's ("Defendant") *pro se* Motion for Transcripts and *pro se* Motion to Appoint Counsel [Dkts. 423-24] (the "Motions").[1]

## I. Background

On April 20, 2012, Defendant Luis Gardono Perez pled guilty to Conspiracy to Distribute Five Hundred Grams or More of Cocaine, pursuant to 21 U.S.C. § 846, and was sentenced to sixty months of imprisonment. [Dkt. 352.] Defendant did not file a notice of appeal.

On August 7, 2012, Defendant filed a *pro se* Motion for Transcripts and a *pro se* Motion to Appoint Counsel. He has also filed an Affidavit in Support of the Motion for Transcripts and Motion to Appoint Counsel [Dkt. 425] (the "Affidavit").

## II. Analysis

---

[1] As an initial matter, the Court notes that filings of a *pro se* party are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**1. <u>Defendant's Motion for Transcripts</u>**

As a threshold matter, a defendant may not obtain transcripts of proceedings in his case unless this Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).  Regarding entitlement to transcripts, federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need.  *United States v. MacCollom*, 426 U.S. 317, 326-27, (1976); *United States v. Hamlett*, 128 F.App'x. 320, 321 (4th Cir. 2005).  "[A]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."  *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4th Cir. 1972)(quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)); *accord United States v. Parker*, 273 F.App'x. 243, 244 (4th Cir. 2008).

Here, although Defendant states in his motion that he wishes to appeal his case, he did not file a notice of appeal to his conviction and sentence.  In addition, the time within which Defendant was required to file his notice of appeal has already elapsed.  Fed. R. App. P. 4(b)(1)(A).  Therefore, in Defendant's case, there is no suit or other proceeding pending in which this

Court may certify that the transcripts are needed.[2]  Furthermore,

Defendant has failed to show any need for the requested

transcripts.  Merely asserting indigent status and a generalized

intent to appeal does not constitute a sufficient showing of

need.  Defendant is not entitled to transcripts simply to comb

the record.  Accordingly, for the foregoing reasons, Defendant's

Motion for Transcripts must be denied.

## 2. Defendant's Motion to Appoint Counsel

Proceedings *in forma pauperis* are governed by 28 U.S.C. §

1915.  Of particular relevance, 28 U.S.C. § 1915(a)(1) reads:

> [A]ny court of the United States may
> authorize the commencement, prosecution or
> defense of any suit, action or proceeding,
> civil or criminal, or appeal therein,
> without prepayment of fees or security
> therefor, by a person who submits an
> affidavit that includes a statement of all
> assets such prisoner possesses that the
> person is unable to pay such fees or give
> security therefor. Such affidavit shall
> state the nature of the action, defense or
> appeal and affiant's belief that the person
> is entitled to redress.

28 U.S.C. § 1915(a)(1)(emphasis added).  Under 28 U.S.C. §

1915(e)(1), a court may request an attorney to represent an

indigent party proceeding *in forma pauperis*.

As previously stated, there is no suit, appeal, or other

proceeding pending in Defendant's case in which to proceed *in*

---

[2] Consequently, there is no need for this Court to engage in an examination of
the frivolity of Defendant's appeal and the necessity of the transcripts to
determination of the issue presented.

*forma pauperis*.  Furthermore, Defendant's submitted affidavit,
though fairly comprehensive in terms of financial disclosure,
does not state the nature of the appeal he wishes to pursue or
the grounds upon which he is entitled to redress.  With regard
to detailing the nature of Defendant's action or appeal, both
the Motion and the Affidavit are wholly lacking in specificity.
Accordingly, Defendant's Motion to Appoint Counsel must be
denied.

### III.  Conclusion

For these reasons, the Court will deny Defendant's
Motions.

An appropriate Order will issue.


|  | /s/ |
|---|---|
| August 20, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |